Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

NICOLE MILLER )
 )
      Plaintiff, )
 ) Case No.: CV-11-154-RMP
      v. )
 ) COMPLAINT
FINANCIAL RECOVERY )
SERVICES, INC ) [FDCPA]
 )
      Defendants. )
 )

**I. JURISDICTION**

1.1   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

COMPLAINT -1

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

1.2  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

1.3  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## II.   PARTIES

2.1  Plaintiff Nicole Miller is a natural person who resides in the County of Spokane, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.2  Defendant FRS is a corporation engaged in the business of collecting debt, with its principal place of business located at STE 220, 6300 SHINGLE CREEK PKWY, BROOKLYN CENTER, MN, 55430-2124

## III.   FACTUAL ALLEGATIONS

3.1  On or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

3.2  The debt that defendant FRS claims the plaintiff owes is an alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

COMPLAINT -2

3.3   The debt was consigned, placed or otherwise transferred from the creditor to Defendant for collection from this Plaintiff.

3.4   On August 7, 2010, Defendant left a voice message for the Plaintiff on the Plaintiff's parents' answering machine.

3.5   The August 7, 2010 voice message was a "communication" as the term is defined in 15 USC §1692a(2).

3.6   The August 7, 2010 voice message stated that it was from a "debt collection company" and requested that the Plaintiff call the Defendant.

3.7   On August 7, 2010, Plaintiff's parents, without Plaintiff's knowledge or consent, listened to the message left by Defendant for the Plaintiff.

3.8   On August 17, 2010, Defendant left a voice message for the Plaintiff on the Plaintiff's parents' answering machine.

3.9   The August 17, 2010 voice message was a "communication" as the term is defined in 15 USC §1692a(2).

3.10  The August 17, 2010 voice message stated that it was from a "debt collection company" and requested that the Plaintiff call the Defendant.

3.11  On August 17, 2010, Plaintiff's parents, without Plaintiff's knowledge or consent, listened to the message left by Defendant for the Plaintiff.

3.12  On August 19, 2010, Defendant left a voice message for the Plaintiff on the Plaintiff's parents' answering machine.

COMPLAINT -3

3.13 The August 19, 2010 voice message was a "communication" as the term is defined in 15 USC §1692a(2).

3.14 The August 19, 2010 voice message stated that it was from a "debt collection company" and requested that the Plaintiff call the Defendant.

3.15 On August 19, 2010, Plaintiff's parents, without Plaintiff's knowledge or consent, listened to the message left by Defendant for the Plaintiff.

3.16 On August 26, 2010, Defendant left a voice message for the Plaintiff on the Plaintiff's parents' answering machine.

3.17 The August 26, 2010 voice message was a "communication" as the term is defined in 15 USC §1692a(2).

3.18 The August 26, 2010 voice message stated that it was from a "debt collection company" and requested that the Plaintiff call the Defendant.

3.19 On August 26, 2010, Plaintiff's parents, without Plaintiff's knowledge or consent, listened to the message left by Defendant for the Plaintiff.

3.20 On September 16, 2010, Defendant left a voice message for the Plaintiff on the Plaintiff's parents' answering machine.

3.21 The September 16, 2010 voice message was a "communication" as the term is defined in 15 USC §1692a(2).

3.22 The September 16, 2010 voice message stated that it was from a "debt collection company" and requested that the Plaintiff call the Defendant.

COMPLAINT -4

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.23 On September 26, 2010, Plaintiff's parents, without Plaintiff's knowledge or consent, listened to the message left by Defendant for the Plaintiff.

3.24 At no time did the Plaintiff consent to any communication between the Defendant and her parents or any other person.

3.25 None of the above-described communications were attempts to acquire "location information" as that term is defined by 15 USC § 1692a(7)

3.26 Defendants knew or should have known that people other than the Plaintiff were likely to listen to voice messages left on the Plaintiff's parents' answering machine.

3.27 As a direct result of the Defendant's communications to the Plaintiff's parents, plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

3.28 The above-described communications from Defendant caused undue stress in the Plaintiff's relationships with her parents and husband.

3.29 The above-described collection communications made to Plaintiff by Defendant were made in violation multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692f.

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax: (509) 413-1724

3.30 Defendant's illegal abusive collection communication as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## IV.  TRIAL BY JURY

4.1 Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## V.  CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

5.1 Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.2 The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiffs.

5.3 As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §

COMPLAINT  -6

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

6.1 For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff;

6.2 For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for the Plaintiff;

6.3 For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff; for such other and further relief as may be just and proper.

Respectfully submitted this 19th day of April, 2011

**KIRK D. MILLER, P.S.**

 /s Kirk Miller
Kirk D. Miller
WSBA # 40025
211 E. Sprague Ave.
Spokane, WA 99202
Telephone:  (509) 413-1494
kmiller@millerlawspokane.com
**Attorney for Plaintiff**

COMPLAINT  -7

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724